UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RONALD SATISH EMRIT,

                                  Plaintiff,

v.                                                                                                      1:25-cv-0059
                                                                                                      (GTS/TWD)

ELON MUSK, et al.,

                                  Defendants.
_____

APPEARANCES:                                                     OF COUNSEL:

RONALD SATISH EMRIT
*Plaintiff, pro se*
6655 38th Lane East
Sarasota, FL 34243

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

### REPORT-RECOMMENDATION AND ORDER

      Currently before the Court are a Complaint and motion for leave to proceed *in forma pauperis* ("IFP") filed by *pro se* Plaintiff Ronald Satish Emrit ("Plaintiff"). Dkt. Nos. 1, 2. This action appears to be one of many similar lawsuits initiated by Plaintiff in various U.S. District Courts, in which Plaintiff seeks $500,000,000,000 in damages, as well as injunctive relief, against defendants Elon Musk, Vivek Ramaswamy, Speaker of the House Mike Johnson, and the Department of Government Efficiency. *See generally*, Dkt. No. 1. In *Emrit v. Musk*, No. CV 25-61, 2025 WL 215220, at *1 (W.D. Pa. Jan. 16, 2025), the Honorable Judge Nora Barry Fischer of the U.S. District Court for the Western District of Pennsylvania identified Plaintiff's duplicative action as having been filed in this and the following additional Districts: District of Oregon at Civil A. No. 1:2025-cv-00071; Northern District of Iowa at Civil A. No. 1:2025-cv-

00006; Eastern District of Missouri at Civil A. No. 1:2025-cv-00008; District of Montana at Civ. A. No. 1:2025-cv-00008; Eastern District of Oklahoma at Civ. A. No. 6:2025-cv-00015; District of Wyoming at Civ. A. No. 1:2025-cv-00012; Eastern District of Louisiana at Civ. A. No. 2:2025-cv-00096; Western District of Missouri at Civ. A. No. 2:2025-cv-04005; Northern District of Oklahoma at Civ. A. No. 4:2025-cv-00016; District of South Dakota at Civ. A. No. 3:2025-cv-030001; Eastern District of Texas at Civ. A. No. 1:2025-cv-00016; District of Utah at Civ. A. No. 2:2025-cv-00025; District of Colorado at Civ. A. No. 1:2025-cv-00100; District of Kansas at Civ. A. No. 2:2025-cv-0212; Southern District of Iowa at Civ. A. No. 4:2025-cv-00004; Middle District of Tennessee at Civ. A. No. 3:2025-cv-00033; Middle District of Louisiana at Civ. A. No. 3:2025-cv-00025; District of New Jersey at Civ. A. No. 1:2025-cv-00160; Western District of Oklahoma at Civ. A. No. 5:2025-cv-00022; Eastern District of Tennessee at Civ. A. No. 3:2025-cv-0007; District of New Mexico at Civ. A. No. 1:2025-cv-00015; District of Connecticut at Civ. A. No. 3:2025-cv-00024; District of Hawaii at Civ. A. No. 1:2025-cv-00007; and the Western District of New York at Civ. A. No. 1:2025-cv-00012.

28 U.S.C. § 1915 requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2); § 1915(e)(2)(B)(i)-(iii). In *Presidential Candidate No. P60005535 v. Musk*, No. CIV-25-00022-JD, 2025 WL 84988, at *1 (W.D. Okla. Jan. 13, 2025), the Hon. Jodi W. Dishman of the U.S. District Court for the Western District of Oklahoma conducted a sufficiency review of this complaint, identified and discussed the numerous deficiencies, dismissed the complaint as frivolous and for failure to state a claim, and denied Plaintiff's motion to proceed IFP as moot. *See* 2025 WL 84988, at *2. The Hon. Judge Fischer subsequently adopted such

analysis without further explanation and dismissed the complaint. *See* 2025 WL 215220, at *2. This Court similarly agrees with the analysis set forth in the Opinion of the U.S. District Court for the Western District of Oklahoma and no further review is necessary. Therefore, the undersigned recommends Plaintiff's complaint be dismissed as frivolous and for failure to state a claim under 28 U.S.C. § 1915.

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED**; and it is further

**RECOMMENDED** that Plaintiff's IFP application (Dkt. No. 2) be **DENIED** as moot; and it is further

**ORDERED** that the Clerk provide to Plaintiff a copy of this Report-Recommendation, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.[1] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

---

[1] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

**IT IS SO ORDERED.**

Dated: January 23, 2025
       Syracuse, New York

_____
Thérèse Wiley Dancks
United States Magistrate Judge

2025 WL 215220
Only the Westlaw citation is currently available.
United States District Court, W.D. Pennsylvania.

Satish EMRIT, Presidential Candidate Number P60005535, Presidential Committee/Separate Segregated Fund (SSF) Number C00569897 d/b/a United Emrits of America, Plaintiff,

v.

Elon MUSK, Vivek Ramaswamy, Speaker of the House Mike Johnson, Department of Government Efficiency, Defendants.

Civil Action No. 25-61
|
Signed January 15, 2025
|
Filed January 16, 2025

**Attorneys and Law Firms**

Satish Emrit, Pro Se.

**MEMORANDUM OPINION**

Nora Barry Fischer, Senior United States District Judge

 **\*1** Presently before the Court are *pro se* Plaintiff Ronald Satish Emrit's "Application to Proceed in District Court Without Prepaying Fees or Costs," and his attached Complaint, filed on January 13, 2025. (Docket No. 1). This appears to be one of dozens of similar lawsuits that Plaintiff has initiated in U.S. District Courts throughout the country wherein he is seeking, among other things, $500,000,000,000 in damages, and injunctive relief as to Defendants Elon Musk, Vivek Ramaswamy, Speaker of the House Mike Johnson, and the Department of Government Efficiency. [1] The Honorable William S. Stickman of this Court previously recognized Plaintiff's proclivity for engaging in vexatious litigation behavior, dismissed a duplicative case that he had brought against former NBA player and current broadcaster Charles Barkley and others as frivolous and admonished him for filing such duplicative actions across multiple U.S. District Court. *See Ronald Satish Emrit v. Charles Barkley et al.*, Civ. A. No. 2:23-cv-00034-WSS, Docket No. 2 (W.D. Pa. Jan. 18, 2023).

[1] This duplicative action has also been filed numerous additional Districts, including, but not limited to, all of the following Districts: District of Oregon at Civil A. No. 1:2025-cv-00071; Northern District of Iowa at Civil A. No. 1:2025-cv-00006; Eastern District of Missouri at Civil A. No. 1:2025-cv-00008; District of Montana at Civ. A. No. 1:2025-cv-00008; Eastern District of Oklahoma at Civ. A. No. 6:2025-cv-00015; District of Wyoming at Civ. A. No. 1:2025-cv-00012; Eastern District of Louisiana at Civ. A. No. 2:2025-cv-00096; Western District of Missouri at Civ. A. No. 2:2025-cv-04005; Northern District of Oklahoma at Civ. A. No. 4:2025-cv-00016; District of South Dakota at Civ. A. No. 3:2025-cv-030001; Eastern District of Texas at Civ. A. No. 1:2025-cv-00016; District of Utah at Civ. A. No. 2:2025-cv-00025; District of Colorado at Civ. A. No. 1:2025-cv-00100; District of Kansas at Civ. A. No. 2:2025-cv-0212; Northern District of New York at Civ. A. No. 1:2025-cv-00059; Southern District of Iowa at Civ. A. No. 4:2025-cv-00004; Middle District of Tennessee at Civ. A. No. 3:2025-cv-00033; Middle District of Louisiana at Civ. A. No. 3:2025-cv-00025; District of New Jersey at Civ. A. No. 1:2025-cv-00160; Western District of Oklahoma at Civ. A. No. 5:2025-cv-00022; Eastern District of Tennessee at Civ. A. No. 3:2025-cv-0007; District of New Mexico at Civ. A. No.

> 1:2025-cv-00015; District of Connecticut at Civ. A. No. 3:2025-cv-00024; District of Hawaii at Civ. A. No. 1:2025-cv-00007; and the Western District of New York at Civ. A. No. 1:2025-cv-00012.

As to this particular case, because Plaintiff is seeking to proceed in forma pauperis, the Court recognizes its duty to screen his Complaint, to construe his pro se allegations liberally and to dismiss the case if the case is frivolous and/or for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2); *see also Gochin v. Markowitz*, 791 F. App'x 342, 345 (3d Cir. 2019) (district court has power to screen complaints of all parties proceeding in forma pauperis). In *PRESIDENTIAL CANDIDATE NUMBER P60005535, also known as Ronald Satish Emrit, et al., Plaintiffs v. ELON MUSK, et al.*, Defendants., No. CIV-25-00022-JD, 2025 WL 84988, at *3 (W.D. Okla. Jan. 13, 2025), the Hon. Jodi W. Dishman of the U.S. District Court for the Western District of Oklahoma screened this particular complaint, thoroughly discussed the numerous deficiencies, dismissed the complaint as frivolous and for failure to state a claim and denied Plaintiff's motion to proceed in forma pauperis, as moot. The Court agrees with this analysis and adopts it herein. No further explication is warranted.

**\*2** For all of these reasons, Plaintiff's Complaint (Docket No. 1) is dismissed, as frivolous and for failure to state a claim under 28 U.S.C. § 1915 and his motion to proceed in forma pauperis (Docket No. 1) is DENIED. An appropriate Order follows.

**All Citations**

Slip Copy, 2025 WL 215220

---

**End of Document**                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

2025 WL 84988
Only the Westlaw citation is currently available.
United States District Court, W.D. Oklahoma.

PRESIDENTIAL CANDIDATE NUMBER P60005535, also known as Ronald Satish Emrit, et al., Plaintiffs,

v.

Elon MUSK, et al., Defendants.

Case No. CIV-25-00022-JD
|
Signed January 13, 2025

**Attorneys and Law Firms**

Presidential Candidate Number P60005535, Sarasota, FL, Pro Se.

Presidential Committee Political Action Committee Separate Segregated Fund SSF Number C00569897, Pro Se.

## ORDER

JODI W. DISHMAN, UNITED STATES DISTRICT JUDGE

**\*1**  The Court previously entered an Order on January 7, 2025 [Doc. No. 3], referring this case to United States Magistrate Judge Shon T. Erwin for preliminary review. The Court vacates its prior Order [Doc. No. 3], terminates the referral, and dismisses Plaintiffs' Complaint under 28 U.S.C. § 1915(e)(2) as frivolous and for failure to state a claim. Plaintiffs' motion to proceed *in forma pauperis* [Doc. No. 2] is denied as moot.

Plaintiffs filed this civil rights action on January 7, 2025, seeking relief for wrongs allegedly committed by multiple Defendants. Under 28 U.S.C. § 1915, the Court has reviewed the allegations of the Complaint [Doc. No. 1]. Of relevance is subpart (e)(2) of § 1915, which states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \*\*\*
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

"District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). A complaint is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In reviewing the Complaint, the Court is mindful that *Haines v. Kerner*, 404 U.S. 519 (1972) requires a liberal construction of pro se complaints. The Court may not, however, "supply additional factual allegations to round out a plaintiff's complaint ...."

*Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Plaintiffs bear "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged, and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (citation omitted). The Court applies the same standard of review for dismissals under § 1915(e)(2)(B)(ii) as dismissals under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Id.* A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In the Complaint, Plaintiff Ronald Satish Emrit,[1] a resident of Florida and Maryland, alleges that Defendants Elon Musk, Vivek Ramaswamy, Speaker of the House Mike Johnson (R-Louisiana), and the Department of Government Efficiency "are trying to make one trillion dollars' worth of budget cuts which would affect the lives of African-Americans who received food stamps (EBT/SNAP benefits), SSI, SSDI, Section 8 housing vouchers, Temporary Assistance to Needy Families (TANF), Women Infants and Children Programs (WIC), and other programs subsidized by [the] federal government." Compl. [Doc. No. 1] ¶ 17. Mr. Emrit also alleges that Defendants are attempting to eradicate the United States Department of Education, an entity he alleges "provides grants and loans for underprivileged Americans trying to get a college education." *Id.* ¶ 18. Except for Speaker Johnson, Mr. Emrit alleges Defendants are not elected officials, and therefore, "the American people did not give a mandate to either Elon Musk or Vivek Ramaswamy to destroy the lives of many Americans living in poverty." *Id.* ¶ 19. Mr. Emrit alleges he has standing to bring this civil rights action against Defendants because he "is disabled with bipolar disorder." *Id.* ¶ 20. Mr. Emrit seeks $500 billion in damages; an injunction requiring the United States Attorney's Offices in Louisiana to file criminal charges against Defendant Musk "for interfering with the American election"; an injunction to preclude and enjoin the Department of Government Efficiency from using tweets and policy recommendations to affect and obstruct the Office of Management and Budget and Congress; and an injunction to prevent President Donald J. Trump from creating the Department of Government Efficiency without congressional approval. *Id.* at 6–7.

[1]   Mr. Emrit identifies in the caption of his Complaint another Plaintiff, i.e., "Presidential Committee/Political Action Committee/Separate Segregated Fund (SSF) Number C00569897 d/b/a United Emrits of America," but this Plaintiff is not further identified in the body of the Complaint, nor is there any explanation of this Plaintiff's relationship to the action or how this entity may appear pro se in this action. *See* [Doc. No. 1]. *See also* LCvR17.1 ("Parties who are not natural persons may not appear *pro se.*"); *United States v. Lain*, 773 F. App'x 476, 477 (10th Cir. 2019) (unpublished) ("Although individuals may represent their own personal interests without an attorney, artificial entities may appear in court only through licensed counsel.").

**\*2** Having reviewed and liberally construed the allegations of the Complaint, Mr. Emrit has failed to state a plausible claim, and the action is frivolous.[2] The Complaint suffers from numerous flaws.

[2]   To this end, the Court takes judicial notice of orders from numerous other federal district courts, which detail Mr. Emrit's history of bringing frivolous claims. For example, the Eastern District of Pennsylvania recently documented Mr. Emrit's history of filing frivolous cases:

> Emrit has an extensive history of abusing the privilege of proceeding *in forma pauperis* and "has been acknowledged as a vexatious litigator in at least six district courts." *Emrit v. Universal Music Grp.*, No. 19-05984, 2019 WL 6251365, at *2 (W.D. Wash. Nov. 4, 2019), *report and recommendation adopted*, 2019 WL 6251192 (W.D. Wash. Nov. 22, 2019). A search of federal court docket records reveals that Emrit has filed over 250 federal lawsuits since 2013 in courts around the country. A Westlaw search of all federal courts for "Ronald Satish Emrit" yields scores of orders and opinions. A sampling of these orders indicates that most, if not all, of his cases were accompanied by applications to proceed *in forma pauperis* and were dismissed for improper venue or for failure to state a claim upon screening

under 28 U.S.C. § 1915(e)(2). Emrit was recently denied the privilege of proceeding *in forma pauperis* in [the] United States District Court for the Northern District of Texas in *Emrit v. Pratt*, Civ. A. No. 23-344 (N.D. Texas) upon a finding that he had abused the privilege by filing frivolous lawsuits, noting he had been repeatedly sanctioned by federal courts. (*Id.* ECF No. 5 (Order of Apr. 4, 2023)).

*Emrit v. Combs*, Civil Action No. 24-CV-0129, 2024 WL 199548, at *1 n.1 (E.D. Pa. Jan. 18, 2024). Mr. Emrit recently filed another action in this district that resulted in a dismissal without prejudice because his complaint was frivolous under § 1915(e)(2) and because he failed to establish that the Court had subject matter jurisdiction. *See Emrit v. Combs*, Case No. CIV-24-217-D, 2024 WL 1018550 (W.D. Okla. Mar. 8, 2024).

First, the Complaint "fails to differentiate among individual defendants and specify which defendants are alleged to have taken which particular actions." *See Robbins v. Oklahoma*, 519 F.3d 1242, 1253 (10th Cir. 2008).

Second, the Complaint does not contain any allegations that Mr. Emrit himself has been personally injured by Defendants' alleged conduct; thus, Mr. Emrit does not satisfy the minimum elements of Article III standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (explaining that the party invoking federal jurisdiction has the burden to establish standing, i.e., the plaintiff must have suffered an "injury in fact" that has a causal connection to the conduct complained of and is redressable by a favorable decision). "Allegations of possible future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal quotation marks, brackets, emphasis, and citation omitted).

Third, to state a § 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Mr. Emrit, however, readily alleges that aside from Speaker Johnson, the other Defendants "are not elected officials," and that the Department of Government Efficiency is "a non-existent agency ... not authorized by Congress to be making decisions." Compl. ¶¶ 9, 19. Thus, the state action requirement for a § 1983 claim is missing. *See Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995) (explaining that the "under color of state law" requirement is a jurisdictional necessity for a § 1983 claim).

**\*3** Fourth, venue is not proper in this Court. The Complaint's "Jurisdiction and Venue" section states in pertinent part:

> Because the court does not already have personal or subject matter jurisdiction over this issue, it is necessary to engage in a brief discussion of the court's jurisdiction so that the defendants [cannot] move to dismiss this case based on procedural grounds involving a lack of proper jurisdiction.
>
> Pursuant to 28 U.S.C.A. Section 1332, the U.S. District Court for the District of Eastern Louisiana (as an Article III court) has jurisdiction over this matter because there is complete diversity of jurisdiction between the Plaintiff and the four defendants given that the plaintiff lives in Sarasota, Florida and no longer in Fort Worth, Texas.
>
> As an Article III court, the U.S. District Court for the District of Louisiana also has subject matter jurisdiction over the present case at bar because this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause.
>
> ....
>
> Venue in this jurisdiction is also proper pursuant to 28 U.S.C.A. Sections 1391 and 1400 ....

*See* Compl. ¶¶ 11–13, 15. Under 28 U.S.C. § 1391(b), a civil action may be brought in (1) a judicial district in which any defendant resides when all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action. It appears from the allegations in the Complaint that Mr. Emrit may have intended to file this action in the Eastern District of Louisiana, or the allegations in the "Jurisdiction and Venue" section of his Complaint could be the product of Mr.

Emrit copying and pasting from a different complaint. Regardless, venue is not proper in this Court under § 1391(b). Defendants do not reside in Oklahoma, Mr. Emrit does not allege that a substantial part of the events or omissions giving rise to his claims occurred in Oklahoma, nor are there sufficient allegations in the Complaint that any of Defendants would be subject to this Court's personal jurisdiction. Further, given that Mr. Emrit's Complaint fails to state a claim, the interests of justice would not be served by transferring this action to the Eastern District of Louisiana. *See* 28 U.S.C. § 1406(a).

Finally, Mr. Emrit fails to set forth any facts in his Complaint to support the exercise of personal jurisdiction by this Court over Defendants. Due process requires that the defendant "purposefully established minimum contacts within the forum State" and that the "assertion of personal jurisdiction would comport with 'fair play and substantial justice.' " *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). Neither Mr. Emrit nor Defendants resides in or appears to have any connection to Oklahoma.

**\*4** For these reasons, the Court DISMISSES WITHOUT PREJUDICE Plaintiffs' Complaint [Doc. No. 1] under 28 U.S.C. § 1915(e)(2) as frivolous and for failure to state a claim. Plaintiffs' motion to proceed *in forma pauperis* [Doc. No. 2] is denied as moot. A separate judgment will follow.

IT IS SO ORDERED this 13th day of January 2025.

**All Citations**

Slip Copy, 2025 WL 84988

---

End of Document © 2025 Thomson Reuters. No claim to original U.S. Government Works.