UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RONALD SATISH EMRIT, a/k/a
Presidential Candidate Number P60005535,

                     Plaintiff,

v.
                                                        1:25-CV-0059
                                                          (GTS/TWD)

ELON MUSK; VIVEK RAMASWAMY;
SPEAKER OF THE HOUSE MIKE JOHNSON; and
DEPARTMENT OF GOVERNMENT EFFICIENCY,

                     Defendants.
_____

APPEARANCES:

RONALD SATISH EMRIT
   Plaintiff, *Pro Se*
6655 38th Lane East
Sarasota, Florida  34243

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court, in this *pro se* civil rights action filed by Ronald Satish Emrit ("Plaintiff") against Elon Musk, Vivek Ramaswamy, Speaker of the House Mike Johnson, and the Department of Government Efficiency ("Defendants"), are United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Plaintiff's Complaint be dismissed as frivolous and for failure to state a claim, and Plaintiff's Objection to the Report-Recommendation.  (Dkt. Nos. 4, 5.)

       After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' thorough Report-Recommendation, the Court can find no error in the Report-Recommendation,

clear or otherwise: Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  (*See generally* Dkt. No. 4.)  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein.  To those reasons, the Court adds only one brief point.

Even when construed liberally, Plaintiff's Objection fails to contain a *specific* challenge to a finding or conclusion contained in the Report-Recommendation.  (Dkt. No. 5.)   As a result, the "challenged" portions of the Report-Recommendation are entitled to only a clear-error review,[1] which they easily survive.  In the alternative, the Court finds that those portions of the Report-Recommendation survive a *de novo* review for the reasons stated therein, and for the reasons stated in *Presidential Candidate No. P60005535 v. Musk*, 25-CIV-0022, 2025 WL 84988, at *1 (W.D. Okla. Jan. 13, 2025).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**,

---

[1] When no specific challenge is made to a magistrate judge's report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

Dated: May 5, 2025
      Syracuse, New York

                                              Glenn T. Suddaby
                                              U.S. District Judge